SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| MICHAEL F. ERALI II, | CIVIL ACTION NO. 04-30241 - MAP |
| Plaintiff, | |
| V. | COMPLAINT and |
| TOWN OF ORANGE, | DEMAND FOR A JURY TRIAL |
| Defendant. | |

## INTRODUCTION

1. Plaintiff Michael F. Erali II, ("Mr. Erali") brings this action for equitable relief and compensatory and punitive damages against the defendant under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination for persistent and continuous acts of discrimination against him on the basis of his gender.

2. During the course of his employment as an employee of the Cemetery department in the Town of Orange, Mr. Erali was subjected to sexual harassment on an ongoing basis by his supervisor Evelyn Daly which created a hostile work environment. Mr. Erali complained to another supervisor and to Ms. Daly's supervisor about the sexual harassment. Nothing was done to remediate the harassment. Moreover, Mr. Erali was discharged, constructively or otherwise, from his employment due to his complaints about sexual harassment and a hostile work environment.

3.  Ms. Erali seeks equitable relief designed to assure that the defendant discontinues its policies and practices which serve to foster discrimination and sexual harassment. He also seeks compensation for the grave harm he suffered as a result of the discriminatory actions and omissions of the defendants.

## JURISDICTION and VENUE

4.  This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g).

5.  All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f), have occurred or been complied with:

   a.  A charge of discrimination on the basis of sex was filed with the Massachusetts commission Against Discrimination and the Equal Employment Opportunity Commission (hereafter "EEOC") within 300 days of the discriminatory action alleged in the charge.

   b.  A notification of right to sue was received by Mr. Erali.

   c.  This complaint has been filed within 90 days of receipt of the right to sue notification from the Department of Justice.

6.  This court has supplemental jurisdiction over related state law claims asserted by the plaintiff in this action pursuant to 28 U.S.C. § 1367(a).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) insofar as all the discriminatory employment practices alleged in this complaint

were committed within the County of Franklin in the Commonwealth of Massachusetts and the defendant resides or conduct business in Massachusetts.

## PARTIES

8. Plaintiff Michael F. Erali II is a male citizen of the United States and the Commonwealth of Massachusetts who resides in Sunderland, Massachusetts.

9. Defendant Town of Orange ("Orange") is an incorporated town with its principal place of business at 6 Prospect Street, Orange, Massachusetts

10. Orange is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a) and M.G.L. c. 151B, § 1.

11. Orange is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) and M.G.L. c. 151B, § 1.

## STATEMENT OF FACTS

12. Mr. Erali I began his employment as a part-time temporary laborer with the Orange Cemetery Department on or around September 24, 2001.

13. His supervisor at the time was Tom Forrest, Superintendent of Cemeteries.

14. Mr. Forrest promoted M. Erali to a permanent part-time laborer prior to the winter 2001.

15. Sometime after Memorial Day 2002, Mr. Forrest promoted Mr. Erali again, this time to a full-time laborer position.

16. In this capacity, Mr. Erali maintained the grounds of the town cemeteries and dug graves.

17. On or around December 2002, Evelyn Daly was hired to replace Mr. Forrest as Mr. Erali's supervisor.

18. Mr. Forrest continued to work in a transitional supervisory capacity for the Cemetery Department for approximately six months after Ms. Daly began in her position.

19. In the transitional period Mr. Forrest continued to have a supervisory role over Mr. Erali, while Ms. Daly was Mr. Erali's immediate supervisor.

20. Shortly after Ms. Daly began, she began calling Mr. Erali at home, where he lived with his girlfriend and children, during non-work hours. She also regularly and repeatedly called his mother's phone, his girlfriend's mother's home and his father's business phone purportedly looking for Mr. Erali.

21. At first, the calls were marginally work related (albeit in no way were they emergencies) but then quickly escalated to highly personal or sexual in nature.

22. These calls, which continued until Mr. Erali was forced or had no choice but to leave his position in the Cemetery Department in April 2003, offended Mr. Erali and made him feel very uncomfortable.

23. Ms. Daly made sexually explicit and other offensive comments to Mr. Erali while they were at work together

24. On a number of occasions, Mr. Erali and his girlfriend complained to Mr. Forrest about these calls and comments and told him that they wanted them to stop.

25. Mr. Forrest Mr. Erali that he had to speak to Ms. Daly, and ask that she stop, which, despite my being uncomfortable with having to confront her directly, I did.

26. Ms. Daly did not stop the calls, comment and continued to make sexually explicit comments about Mr. Erali to him and to his girlfriend, at times in front of his children.

27. In or around April 2003, Mr. Erali complained again to Mr. Forrest about Ms. Daly's sexual comments and behavior. Mr. Forrest told him that he had to complain about all these incidents to Mr. Forrest's boss, the Orange Cemetery Commissioner, Dan Kimball.

28. Mr. Erali spoke with Mr. Kimball at length and complained about the incident and about the sexual comments and telephone calls.

29. Mr. Kimball told Mr. Erali that he would have to meet with him and Ms. Daly and Mr. Erali told him that he was not comfortable having a meeting with Ms. Daly in person; Mr. Kimball stated that Mr.,. Erali could have a telephone meeting with him and Ms. Daly the next day.

30. When Mr. Kimball called the next morning he immediately handed Ms. Daly the telephone and she began to yell and scream at Mr. Erali, called him defiant an immediate decision to come back to work.

31.  Mr. Erali had no assurance from anyone that the harassment by Ms. Daly which he had endured since she began as his supervisor would end. Ms. Daly's reaction and treatment of him lead him to reasonably believe that she had no plans to change or that the harassment was remediated or would end.

32.  Mr. Erali reasonably believed that the harassment would continue unabated and that Ms. Daly would continue to harass him and his family. He also understood that he was required to continue to work for Ms. Daly.

33.  Prior to this campaign of harassment and his reasonable belief that the harassment would not cease Mr. Erali had no intention of leaving work and was expecting a raise and a promotion within a few months.

34.  As a result of these illegalities, Mr. Erali suffered and continues to suffer substantial damages, including constructive termination, which has caused him to lose pay, benefits and perquisites of employment and the emotional anguish of this illegal treatment.

### FIRST CLAIM FOR RELIEF: DISCRIMINATION BASED ON SEX IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

35.  Plaintiff repeats the allegations set forth in paragraphs 1 through 34 above, and incorporates those allegations as if fully set forth herein.

36.  The actions and omissions of the Defendant constitutes unlawful discrimination against Mr. Erali based on his sex in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

37. The discriminatory actions and omissions of the Defendant have caused, continues to cause and will cause Mr. Erali to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3

38. Plaintiff repeats the allegations set forth in paragraphs 1 through 37 above, and incorporates those allegations as if fully set forth herein.

39. The Defendant retaliated against Mr. Erali for opposing the Defendant's discriminatory practices, in violation of 42 U.S.C. § 2000e-3.

40. The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Mr. Erali to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### THIRD CLAIM FOR RELIEF: DISCRIMINATION BASED ON SEX IN VIOLATION OF M.G.L. c. 151B, §§ 4(1), 4(16A) and 4(4A)

41. Plaintiff repeats the allegations set forth in paragraphs 1 through 40 above, and incorporates those allegations as if fully set forth herein.

42. The actions and omissions of the Defendant constitute unlawful discrimination against Mr. Erali based on his sex in violation of M.G.L. c. 151B, §§ 4(1), 4(16A) and 4(4A).

43. The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Mr. Erali to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### FOURTH CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### M.G.L. c. 151B, § 4(4)

44. Plaintiff repeats the allegations set forth in paragraphs 1 through 43 above, and incorporates those allegations as if fully set forth herein.

45. The Defendant retaliated against Mr. Erali for opposing the Defendant's discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

46. The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Mr. Erali to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### PRAYER FOR RELIEF

Plaintiff prays the Court to grant him the following relief:

1. That the Plaintiff be awarded appropriate injunctive relief designed to ensure that the Defendant discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL TRIABLE ISSUES.

Respectfully submitted,

PLAINTIFF MICHAEL F. ERALI
By his attorney,

Dated: December 8, 2004

/s/ SUZANNE GARROW
_____
Suzanne Garrow
BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988