UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL ERALI II

        Plaintiff,

v.

TOWN OF ORANGE,
        Defendant.

DOCKET NO.  3:04-cv-30241-MAP

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

In opposition to the Defendant's Motion for Summary Judgment in the above-entitled matter, Plaintiff Michael Erali II responds to the Defendant's Statement of Material Facts, as follows:[1]

1. Not disputed for purposes of pending summary judgment motion.

2. Not disputed for purposes of pending summary judgment motion.

3. Not disputed for purposes of pending summary judgment motion.

4. The Plaintiff disputes that from the time Ms. Daly was hired until the time that Mr. Forest no longer worked for the Town, in June 2003 that only Ms. Daly managed all the daily operations of the Cemetery Department.  (SODF ¶17-20.)

5. Not disputed for purposes of pending summary judgment motion except that from the time Ms. Daly was hired until the time that Mr. Forest no longer worked for

---

[1] The citations are to the Plaintiff's Statement of Facts Pursuant to Local Rule 56.1 as to Which There Exists A Genuine Issue to be Tried (hereafter, "SODF ¶__.)

the Town, in June 2003, Mr. Forest had a management role in the Cemetery Department. (SODF ¶17-20.)

    6.    Not disputed for purposes of pending summary judgment motion.

    7.    Not disputed for purposes of pending summary judgment motion.

    8.    Not disputed for purposes of pending summary judgment motion.

    9.    The Exhibits cited are not disputed for purposes of pending summary judgment motion.

    10.    That Mr. Forest gave Mr. Erali a single written warning is not disputed for purposes of this motion. The plaintiff disputes that he received any warnings about performance issues from Ms. Daly. (SODF ¶ 13.)

    11.    The Plaintiff disputes that he remained out of work for two and one-half days and the Exhibit relied upon by the Defendant does not support that assertion. The plaintiff does not dispute that he returned to work a private meeting with Mr. Forest. (SODF ¶ 64, 65.)

    12.    Not disputed for purposes of pending summary judgment motion.

    13.    Disputed that on several occasions Daly called plaintiff at his home to find out if he was coming to work. Daly called his house about 80 times and only one time was arguably work related. Many of the calls came on weekends and before and after work hours. (SODF ¶ 46-60.)

    14.    Disputed in that the plaintiff cannot choose his schedule and if he and Ms. Daly worked alone it was because he scheduled him to do so. (SODF ¶ 116.)

    15.    The Plaintiff disputes that he did not report in to work on April 21. In fact he showed up to work but was might before punching in by Shane Doucette who told

him about Ms. Daly's derogatory statements about him, his children and his fiancée made in Shane's presence when Mr. Erali was not at work. On that day alone she called his house, his mother's house, his fiancée's mother's house and his father's business a total of 20 times, many of the calls after work hours. (SODF ¶ 89-91.)

16. Disputed in that Mr. Doucette overheard Barbara March and Ms Daly each speaking in a very derogatory manner about Mr. Erali, his family and his fiancée. During that conversation, Ms Daly said that Ms. Watson was a bitch, and the conversation occurred at sometime before Mr. Erali showed up for work intending to punch in on April 21, 2003. (SODF ¶ 89-91.)

17. Disputed in that Mr. Erali was told not to show up for work on April 22, 2003, by Dan Kimball. Various other complaints to Mr. Forest and Mr. Kimball were made on April 21, 2003. (SODF ¶ 102, 92-98.)

18. Not disputed that Mr. Erali complained on three occasions to Mr. Forest

a. The first time was just after December 2002, when Mr. Erali complained about Ms. Daly's incessant phone calling during non-work hours and for non-work reasons, he also complained about various other incidents of sexual harassment that had occurred to date. Disputed in that the tasks that Mr. Erali was asked to do were ones he had done before and he had no issue with the tasks that were assigned to him. (SODF ¶ 12, 62-65.)

b. Not disputed in that the second time was one to two months later and that Mr. Erali reported the blow job incident, that Ms. Daly was trying to appear as though she was having a sexual relationship with him and the worsened phone calling. (SODF

¶ 68-73.)Disputed in that he reported other incidents of sexual conduct and comments at that time.

    c.    Not disputed for purposes of this motion except in that the date was April 21, 2003 and that Mr. Erali and Ms. Watson both related other incidents of harassment in addition to those set forth. (SODF ¶ 92-98.)

    19.    Not disputed for purposes of pending summary judgment motion.

    20.    Not disputed for purposes of this motion except that Ms. Watson called Mr. Kimball around midday and when she spoke with him she raised a number of other incidents of harassment by Ms. Daly toward Mr. Erali. (SODF ¶ 93, 94.)

    21.    Not disputed except that when Mr. Kimball spoke with Mr. Erali and wanted him to confront his harasser at work and Mr. Erali said that he was uncomfortable he told him that he could confront his harasser on the telephone the following day and that he should remain home and that Mr. Kimball would call him at his home at 9:30 a.m. the following morning. (SODF ¶ 92, 95--102.)

    22.    The plaintiff has no means by which to confirm of dispute this assertion.

    23.    Disputed in that when Mr. Kimball called Mr. Erali at home he only said hello, had no other conversation with him at any time and required Mr. Erali to complain directly to Ms. Daly. (SODF ¶ 104.)

    24.    Disputed in that when Mr. Kimball called Mr. Erali at home he only said hello, had no other conversation with him at any time and required Mr. Erali to complain directly to Ms. Daly and he did not pay attention to the conversation. (SODF ¶ 104.)

    25.    Not disputed for purposes of pending summary judgment motion.

26. Disputed in that Mr. Erali complained repeatedly about Ms. Daly in compliance with the policy and the law. (SODF ¶ 61-88.)

27. Disputed in that his allegations of sexual harassment include the following:

- His female boss commenting to Mr. Erali and a co-worker that she gives blow jobs to "get what she wants" and that she would give blow jobs in exchange for loam

- His female boss attempting to kiss Mr. Erali

- His female boss hugging and kissing other male employees

- His female boss coming up from behind him and in the presence of his fiancée throwing her arms around Mr. Erali

- His female boss leaving the workplace and coming back dressed like Mr. Erali's fiancée, wearing a shorts and a tank top

- His female boss, feigning that she and Mr. Erali were involved in sexual activity when his fiancée came to visit him

- His female boss saying things to Mr. Erali about his working with his shirt off that made him so uncomfortable he stopped doing so

- His female boss wearing a pocket watch on the front of her belt and if male coworkers asked her what time it was, she'd lift up her shirt, push out her pelvis and say "you tell me"

- His female boss writing "Mikey" or "Li'l Tike" on his timecard

- His female boss telling Mr. Erali's fiancée that she "has" him all day and that his fiancée "has" him all night and that all he does is sleep for his fiancée

5

- His female boss telling his fiancée that she has Mr. Erali working on his knees, following with something to the effect of --you know what I mean – on his knees

- His female boss telling Mr. Erali's fiancée that he could come live with her

- His female boss calling Mr. Erali a total of 80 times in 5 months including calls to his home, his mother's home, his fiancée's mother's home and his father's business, 20 of those calls coming on one day alone

- His female boss incessantly calling Mr. Erali on non-work hours, before work, after work, on weekends, including Sunday mornings and only one (1) of those calls was arguably work-related with others including inquiries about his relationship with his fiancée and flirtatious comments

(SODF ¶ 25-60.)

28. Disputed in that Ms. Watson recalled other conversations made to their home. (SODF ¶ 43-60.)

29. Not disputed for purposes of pending summary judgment motion.

30. The plaintiff has no means by which to confirm or dispute this claim.

31. Disputed in that Mr. Erali did not recall those occasions when questioned at deposition.

32. Disputed Mr. Erali did not share personal information with Ms. Daly. If she knew anything personal about him it was because she eavesdropped on his conversations with Mr. Forest or Mr. Doucette, or she needed to know it because of work. He never invited her to his apartment. (SODF ¶ 113-115.)

33. Disputed in that Mr., Erali was not late or out of work 3-5 times per week however, Ms. Daly did call him at least that number of days per week. (SODF ¶ 13, 46-60)

34. Not disputed for purposes of pending summary judgment motion.

35. Not disputed for purposes of pending summary judgment motion.

36. Not disputed for purposes of pending summary judgment motion.

                                        Respectfully submitted,

                                        PLAINTIFF MICHAEL ERALI II
                                        By his Attorney,

Dated: March 17, 2006                /s/ Suzanne Garrow

                                        Suzanne Garrow
                                        BBO# 636548
                                        Heisler, Feldman, McCormick & Garrow, P.C.
                                        1145 Main Street, Suite 508
                                        Springfield, MA 01103
                                        (413) 788-7988