UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    :
MICHAEL ERALI II                    :
                                    :
                Plaintiff,          :       DOCKET NO.  3:04-cv-30241-MAP
                                    :
v.                                  :
                                    :
TOWN OF ORANGE,                     :
                Defendant.          :
_____ :

**JOINT PRETRIAL MEMORANDUM**

1.    **CONCISE SUMMARY OF THE EVIDENCE**

      a.    **Plaintiff's Concise Summary of the Evidence**

      Plaintiff Michael Erali intends to offer evidence at trial which will demonstrate that beginning on or about the day his new female supervisor began and continuing until he could no longer endure the harassment and was constructively terminated he was subjected to a hostile work environment and sexual harassment by the Town of Orange in violation of state and federal anti-discrimination laws.  Mr. Erali believes that the evidence will show that his female boss made numerous inappropriate comments, inappropriate touchings, and incessantly called his home for non-work related matters and called at night and on weekend days.   Mr. Erali also contends that the Town of Orange retaliated against him in response to his numerous complaints about sexual harassment by his supervisor made through the appropriate channels.

By way of damages, Mr. Erali will present evidence to show that he is entitled to an award of the value of lost compensation and employee benefits. Mr. Erali will further present evidence that he suffered emotional distress, mental anguish and physical pain and suffering as a direct result of the defendant's discriminatory and retaliatory actions. The evidence will also show that the discriminatory or harassing actions of the Town of Orange managers and supervisors, including the utter failure to address the problem, resulted from malice or reckless indifference to Mr. Erali's civil rights, and that he is entitled to an award of punitive damages under both federal and state laws against discrimination.

b.      **Defendant's Concise Summary of the Evidence**

The Defendant, Town of Orange, intends to offer evidence at trial which will demonstrate that Mr. Erali was not subjected to harassing or retaliatory behavior while employed as a laborer for the Town of Orange Cemetery Department. Rather, the Defendant intends to present evidence that will show that Mr. Erali had difficulty adjusting to a female supervisor, Evelyn Daly, upon the retirement of the former Cemetery Superintendent, Thomas Forest, and that Mr. Erali did not want to work for a female boss. The Defendant's evidence will also demonstrate that Mr. Erali had a poor work ethic, was frequently late or absent from work without providing a courtesy phone call to the Defendant, and on one occasion, Mr. Erali walked off the job for two and one-half days. The Defendant's evidence will show that Mr. Erali was warned verbally and in writing about his attendance.

The Defendant's evidence will show that there were legitimate business reasons for Ms. Daly calling Mr. Erali at home or at other contact numbers that Mr. Erali provided to her to determine whether Mr. Erali was reporting to work on various days. The Defendant also intends to offer evidence that of the phone calls made to Mr. Erali, most went unanswered, no

messages were left and are therefore devoid of any sexual content, and the identity of the caller is unknown.

With respect to Mr. Erali's allegations of inappropriate touching or other conduct by Ms. Daly, the Defendants will present evidence that such allegations are unsubstantiated or are isolated and do not constitute sexual harassment.

The Defendant will show that Mr. Erali failed to report any complaints of sexual harassment, or that when a complaint was made, the Defendant took prompt and appropriate action to address the complaint. Finally, the Defendant will present evidence to show that Mr. Erali voluntarily terminated his employment with the Defendant.

## 2. FACTS ESTABLISHED BY THE PLEADINGS OR BY STIPULATION

1.     Michael Erali is a male who resides in the Western District of Massachusetts and has done so at all times relevant to the Complaint.

2.     The Town of Orange is a "person" within the meaning of M.G.L. c. 151B, § 1.

3.     The Town of Orange employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

4.     The Town of Orange is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

5.     The Town of Orange is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

6.     Mr. Erali was employed by the Town of Orange for about 3 years in the late 1990's with the town's Recycling and Transfer station before being rehired by the Town as a temporary seasonal laborer on or around September 2001 with the Cemetery Department earning around $10 per hour.

7.     He was later promoted to a full-time laborer in the Cemetery Department on or around July 2002 at a rate of pay of $10.35 per hour.

8.     Mr. Erali's supervisor at the time he was hired was Tom Forest.

9.     As a laborer in the Cemetery Department, Mr. Erali worked Monday through Friday from 7 a.m. to 3:30 p.m., except on the very rare occasion that he was required to dig a grave at another time.

10.     The full and part time laborer positions in the Cemetery Department were essentially the same job except for at times,  the number of hours worked and generally varied only in that part-timers or seasonal employees were ineligible for town employee benefits.

11.     As a laborer in the Cemetery Department Mr. Erali dug graves, cut grass, weed whacked, raked and did other routine grounds maintenance at the seven cemeteries located in the Town of Orange; he was also required to assist in keeping the cemetery office and the main cemetery shop clean, including the bathrooms and break room

12.     During the time in which Mr. Erali was employed by the Town of Orange Cemetery Department Shane Doucette, Gerard Donadio, Mark Ward and Todd Fellows were all at various times employed as laborers in the Cemetery Department.

13.     At all times during which Mr. Erali worked at the Cemetery Department Mr. Forest had a role in the giving of assignments and directing the daily work of the  laborers in that department.

14.     At some point in the Fall of 2002, Evelyn Daly was hired as to become Mr. Erali's supervisor and was to replace Mr. Forest when he retired in the future.

15.     When Mr. Erali left his position with the Cemetery department, Mr.  Erali was supposed to receive a percentage increase that would have likely amounted to $2-3 raise per hour and a $ 350 clothing reimbursement in the near future.

16.     Mr. Kimball was advised that Ms. Daly put her arm around Mr. Erali on at least one occasion.

17.     Ms. Daly came up from behind Mr. Erali and in the presence of Aleesha Watson who at the time was Mr. Erali's fiancée and put her arms around him.

18.     Ms. Daly occasionally wrote the nickname "Mikey" on Mr. Erali's timecards, and on one occasion near the end of his tenure wrote "Li'l Tike" on his timecard.

19.     Mr. Erali reported certain  incidents to Mr. Forest on three separate occasions

20.     On at least two of those three occasions Mr. Erali reported  phone calling by Ms. Daly to his home to Mr. Forest.

21.     On at least two of those times when Mr. Erali reported  incidents or phone calling by Ms. Daly to Mr. Forest he also reported that Ms. Daly's behavior made him uncomfortable.

22.     Mr. Erali complained about Ms. Daly's behavior to Mr. Forest on one occasion when Mr. Forest came by the Holtshire Cemetery where Mr. Erali was working raking pine needles and complained to Mr. Forest that Ms. Daly's phone calling and Ms. Daly's behavior made him uncomfortable.

23.     According to Mr. Kimball, a report of a physical touching or inappropriate comment or comments in the workplace that make a person uncomfortable could each be

independently sufficient under the town's sexual harassment policy to require immediate action.

24.    According to Ms. Daly, a single a statement about giving blow jobs at work could constitute sexual harassment.

25.    At all times relevant to the Complaint Rick Kwiatkowski, was the Town Administrator and the person identified within the Town's then operative sexual harassment policy as charged with addressing and remediating sexual harassment for the Town.

26.    According to Mr. Kimball, an employee may complain of harassment to a Commissioner or to a supervisor and be in compliance with the Town's policy regarding reporting of sexual harassment.

27.    When Mr. Erali spoke with Mr. Kimball he told him that he was afraid to be alone with Ms. Daly, that Evelyn needs to cool it down on a personal level that she had said things to him that he thought were rude and made him uncomfortable and that he wanted her not to touch or hug him.

28.    Neither Ms. Daly nor Mr. Forest received any discipline as a result of Mr. Erali's allegations of sexual or gender based harassment.

29.    The Town's Cemetery Commission is a three-member elected board that oversees the Town's Cemetery Department.   At all times relevant to this case, Daniel Kimball ("Kimball") was the Chairman of the Cemetery Commission.

30.    On November 4, 2002, Evelyn Daly ("Daly") was selected by the Cemetery Commission to replace Thomas Forest ("Forest").

31.    Forest was the Cemetery Superintendent for approximately thirty years before retiring and his last day of work was on or about June 30, 2003.

32.    From November 4, 2002 through April 22, 2003, Mr. Erali and Daly were the only permanent full-time employees of the Cemetery Department.

33.    Mr. Erali and the other laborers were required to punch a time card at the beginning and end of each shift.

34.    Daly acknowledged that she put her arm on Mr. Erali's shoulders one time in Watson's presence.

**3.    CONTESTED ISSUES OF FACT**

a.    Whether Mr. Erali was subjected to a hostile environment based on sex or gender.

b.    Whether Mr. Erali has suffered a loss of compensation or employee benefits as a result of the hostile environment or discriminatory actions or omissions of the Town of Orange.

c.    Whether Mr. Erali has suffered and continues to suffer emotional distress, mental anguish and related physical pain and suffering as a result of the hostile environment or discriminatory actions or omissions of the Town of Orange.

d.    Whether the Town of Orange had a legitimate non-retaliatory reason under the circumstances of this case relating to Mr. Erali's employment and constructive termination therefrom.

e.    Whether the reasons proffered by the Town of Orange relating to Mr. Erali's employment and constructive termination therefrom were pretexts for retaliation.

      f.      Whether decisions by the Town of Orange relating to Mr. Erali's employment were motivated in any way by retaliation for his complaints of sexual or gender based harassment.

      g.      Whether Mr. Erali suffered a loss of employee benefits as a result of the retaliatory actions and omissions of the Town of Orange.

      h.      Whether Mr. Erali has suffered and continues to suffer emotional distress, mental anguish and related physical pain and suffering as a result of the retaliatory actions and omissions of the Town of Orange.

      i.      Whether the actions and omissions of the Town of Orange resulted from malice or reckless indifference to Mr. Erali's civil rights.

**4.      JURISDICTIONAL QUESTIONS**

      None.

**5.      PENDING MOTIONS**

      None.

**6.      ISSUES OF LAW**

      **a.      Plaintiff's Issues of Law**

      Mr. Erali has not identified any contested issues of law at this time.

      **b.      Defendant's Issues of Law**

      The Defendant has not identified any contested issues of law at this time.

**7.      REQUESTED AMENDMENTS TO PLEADINGS**

      None.

**8.      ADDITIONAL MATTERS**

      Potential Motions in Limine are to be filed before the commencement of trial.

9.     **PROBABLE LENGTH OF TRIAL**

　　　Five days.

10.     **WITNESSES**

　　a.     **Plaintiff's Witnesses**

　　　　　Michael Erali II
　　　　　c/o Heisler, Feldman, McCormick
　　　　　　　& Garrow, P.C.
　　　　　1145 Main Street, Suite 508
　　　　　Springfield, MA 01103
　　　　　(413) 788-7988

　　　　　His background, his tenure with and service with the Town of Orange department, his harassment and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.

　　　　　Aleesha Erali
　　　　　134 Old Amherst Road
　　　　　Sunderland, MA  01375

　　　　　The harassment of Mr. Erali and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.

　　　　　Linda Erali
　　　　　140 Tully Rd.
　　　　　Orange MA  01364

　　　　　The harassment of Mr. Erali and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.

　　　　　Michael Erali
　　　　　140 Tully Rd.
　　　　　Orange MA  01364

The harassment of Mr. Erali and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.

Gina Erali
140 Tully Rd.
Orange MA  01364

The harassment of Mr. Erali and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.

Abigail Cayless
134 Old Amherst Road
Sunderland, MA  01375

The harassment of Mr. Erali and complaints of harassment made to the defendant and discriminatory and retaliatory treatment by the defendant and damages.


Current and former employees of the Defendant whose addresses are not known to Mr. Erali, including the following individuals:

Barbara Marsh
Rick Kwiatkowski
Thomas Forest
Daniel Kimball
Evelyn Daly
Shane Doucette
Gerry Donadio

Plaintiff reserves the right to call the defendant's witnesses and to amend this list as allowed by the Court.

**b.    Defendant's Witnesses**

1.    Evelyn Daly
120 Franklin Street, 1st Floor
Greenfield, MA 01301

Ms. Daly will testify as to her role as the Cemetery Superintendent and as to her experience as Mr. Erali's supervisor.  Ms. Daly will also testify regarding Mr. Erali's allegations of harassment, retaliatory treatment, constructive discharge, complaints of harassment, and will offer

legitimate business reasons for the actions taken by the defendant with respect to Mr. Erali's job performance and attendance.

2.    Thomas Forest
      232 East River Street
      Orange, MA 01364

      Mr. Forest will testify as to his role as the Cemetery Superintendent, as a consultant to the Cemetery Department, and as to his experience as Mr. Erali's supervisor.  Mr. Forest will also testify regarding Mr. Erali's allegations of harassment, retaliatory treatment, constructive discharge, complaints of harassment, and will offer legitimate business reasons for the actions taken by the defendant with respect to Mr. Erali's job performance and attendance.

3.    Daniel Kimball
      67 Main Street
      Orange, MA 01364

      Mr. Kimball will testify as to his role as a Cemetery Commissioner and will also testify regarding Mr. Erali's complaints of harassment, retaliatory treatment, constructive discharge, and as to actions taken in response to Mr. Erali's complaint.

4.    Barbara Marsh
      85 Cheney Street
      Orange, MA 01364

      Ms. Marsh will testify regarding Mr. Erali's allegations of harassment and retaliatory treatment and her observations of same as a temporary Cemetery Department employee.

5.    Shane Doucette
      50 East Main Street, Apt. 7
      Orange, MA 01364

      Mr. Doucette will testify regarding Mr. Erali's allegations of harassment and retaliatory treatment and his observations of same as a temporary Cemetery Department employee.

6.    Todd Fellows
      29 Stone Valley Road, Apt. 5
      Orange, MA 01364

Mr. Fellows will testify regarding Mr. Erali's allegations of harassment and retaliatory treatment and his observations of same as a temporary Cemetery Department employee.

7.    Gerry Donadio
(address not currently known to defendant)

Mr. Donadio will testify regarding Mr. Erali's allegations of harassment and retaliatory treatment and his observations of same as a temporary Cemetery Department employee.

8.    Louis Maroni
745 South Main Street
Orange, MA 01364

Mr. Maroni will testify as to his role as a Cemetery Commissioner, Mr. Erali's allegations of harassment and retaliatory treatment, and complaints of harassment.

9.    Roger Tolman
189 West River Street
Orange, MA 01364

Mr. Tolman will testify as to his role as a Cemetery Commissioner, Mr. Erali's allegations of harassment and retaliatory treatment, and complaints of harassment.

The defendant reserves the right to call Mr. Erali's witnesses and to amend this list as allowed by the Court.

**11.    PROPOSED EXHIBITS**

**a.    Uncontested Exhibits**

1.    Certain timecards of the defendant of Michael Erali and other employees.

2.    Notes of Daniel Kimball.

3.    Notes of Evelyn Daly including Evelyn Daly Memo for Erali file dated 4/22/03.

4.    Certain but not all personnel file documents of Michael Erali but including but not limited to pay and benefits information, and excluding

-12-

any alleged written warnings or sick or late affidavits given to or received by Mr. Erali.

5.    Sexual harassment Policy and Procedures.

6.    Sexual harassment Policy of the Town of Orange

7.    Town of Orange Sexual Harassment Policy dated 11/1/02 and acknowledged as received by Plaintiff 11/26/02

8.    January 14, 2003 letter to Treasurer from Commissioners.

9.    October 17, 2002 Letter to Town Administrator from Commissioners.

10.    The parties' Answers to Interrogatories

**b.    Contested Exhibits**

1.    Photographs depicting caller identification

2.    Warning Notice received by Plaintiff 5/8/02

3.    Cleaning Project dated 12/11/02

4.    Note to "Ev" from "Mike"

5.    Sick Leave Affidavits for Mr. Erali

6.    Employee Acknowledgment of Receipt of Anti-Harassment Policy dated 10/29/01

7.    Cemetery Department records of attendance and time off for Mr. Erali

8.    Certain personnel file documents of Evelyn Daly.

9.    7/1/02 memo to the Human Resources Board regarding the hiring of Mr. Erali

10.    National Association of Government Employees request and authorization form for payment of dues, signed by Plaintiff 8/29/02

The parties reserve the right to amend this list as permitted by the Court and use each other's and additional exhibits as may become necessary for impeachment purposes.

Respectfully submitted,

THE DEFENDANT                         MR. ERALI
By its Attorney,                      By his Attorney,


/s/ Carolyn M. Murray                 /s/ Suzanne Garrow
David C. Jenkins (BBO# 251000)        Suzanne Garrow, Esq.
Carolyn M. Murray (BBO# 653873)       BBO# 636548
Kopelman and Paige, P.C.              Heisler, Feldman, McCormick
101 Arch Street, 12th Floor               & Garrow, P.C.
Boston, MA 02110                      1145 Main Street, Suite 508
                                      Springfield, MA 01103
                                      (413) 788-7988


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                      __/s/ Suzanne Garrow_____
                                           Suzanne Garrow