UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                    C.A. No. 04CV30241-MAP

MICHAEL ERALI, II,

     Plaintiff

v.

TOWN OF ORANGE,

     Defendant

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Now comes the defendant, the Town of Orange (the "Town") and respectfully requests that this Honorable Court issue the following jury instructions at the jury trial of the above-captioned case:

## **GENERAL INSTRUCTIONS**

This case should be decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A municipality is entitled to the same fair trial as a private individual. For the purpose of your deliberations, it makes no difference, and you should not consider, that the Town of Orange is a governmental entity. The Town is entitled to rely upon its legal rights to the same extent as any individual person.

You cannot be governed by sympathy or prejudice or any motive whatsoever except a fair and impartial consideration of the evidence, and therefore you must not allow any sympathy you may have for any party to influence you in any degree whatever.

## **BURDEN OF PROOF**

The burden of proof is on the plaintiff, Mr. Erali, in a civil action, such as this one, to prove each and every essential element of his claims by a preponderance of the evidence. If the proof should fail to establish any essential element of any claim by a preponderance of the evidence in the case, you must find for the Town as to that claim. If the evidence is equally balanced as to any of the essential elements of Mr. Erali's claims, you must find for the defendant, the Town. Storlazzi v. Bakey, 894 F. Supp. 494, 500 (D. Mass. 1995); White v. Vathally, 570 F. Supp. 1431, 1433 (D. Mass. 1983).

To establish something by "a preponderance of the evidence" means simply to prove that something is more likely to exist than not.  If the evidence is equally balanced as to any of the elements of the claims, you must find for the Town.

## **WITNESSES**

You, the jurors, are the sole judges of the credibility or believability of the witnesses in this case and the weight their testimony deserves. Your determination may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given or by contrary evidence to the testimony given. You may consider the relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

If you find a witness has testified falsely as to a portion of his or her testimony, you may take this into account in determining the credibility of the remainder of his or her testimony and you may reject all the testimony.

The fact that a number of witnesses testifies to the same fact does not require that their testimony be believed.

## CLAIMS

## SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e-2(a)(1)

Plaintiff bases his lawsuit on Title VII of the Civil Rights Act of 1964.  The act provides that it shall be an unlawful employment practice for an employer:

1.      to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

2.      to limit, segregate, or classify his employee or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.  A "motivating factor" is a factor that played a part in defendant's employment practice decision.

You must find for plaintiff on his claim if both the following elements are proved by a preponderance of the evidence:

First, that defendant discriminated against the plaintiff; and

Second, that plaintiff's gender was a motivating factor in defendant's decision.

You must find for the defendant if either of these elements has not been proved.

## QUID PRO QUO SEXUAL HARASSMENT UNDER TITLE VII

In order for a plaintiff to maintain a Title VII claim based on quid pro quo sexual harassment, the plaintiff must prove the following by a preponderance of the evidence:

1. the plaintiff was a member of a protected class;

2. the plaintiff was subject to unwelcome sexual harassment in the form of sexual advances or sexual favors;

3. the harassment complained of was based on sex;

4. the plaintiff's reaction to the harassment affected tangible aspects of the terms and conditions of the plaintiff's employment, with the plaintiff's acceptance or rejection of the harassment being either an express or implied condition to receipt of a benefit to or the cause of a tangible adverse effect on the terms or conditions of the plaintiff's employment; and

5. the employer has responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.

## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT UNDER TITLE VII

In order for a plaintiff to maintain a Title VII claim based on hostile work environment sexual harassment, the plaintiff must prove the following by a preponderance of the evidence:

1. the plaintiff was a member of a protected class;

2. the plaintiff was subject to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature;

3. the harassment complained of was based on sex;

4. the charged sexual harassment had the effect of unreasonably interfering with plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and

5. the employer has responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.

## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

To establish a hostile or abusive work environment, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.  In determining whether a work environment is "hostile" or "abusive", you must look at all the circumstances, including:

1.    the total physical environment of the plaintiff's work area;

2.    the degree and type of obscenity that filled the environment before and after the plaintiff arrived;

3.    the reasonable expectations of the plaintiff upon entering the environment;

4.    the frequency of the offensive conduct;

5.    the nature of the unwelcome sexual acts or words;

6.    the severity of the conduct;

7.    whether the conduct was physically threatening or humiliating;

8.    whether it was merely an offensive utterance; and

9.    whether it unreasonably interfered with the employee's work performance.

The effect on the plaintiff's mental and emotional well-being is also relevant to determining whether plaintiff, Mr. Erali, actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender-related jokes, and occasional teasing, does not constitute an abusive or hostile work environment.  Only

extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII.

In determining whether conduct was hostile, you should consider the following:

1.      Whether the conduct was verbal, physical, or both;

2.      Whether the conduct occurred one time or repeatedly;

3.      Whether the conduct was plainly offensive;

4.      Whether the alleged harasser was a co-worker or supervisor;

5.      Whether others joined in the harassment; and

6.      Whether the harassment was directed at one more person.

## RETALIATION IN VIOLATION OF 42 U.S.C. §2000e-3

To establish a prima facie case of retaliation under Title VII, a plaintiff must show the following:

1.      protected opposition to discrimination;

2.      adverse action by an employer contemporaneous with or subsequent to the employee's protected activity; and

3.      a casual connection between such activity and the employer's action.

If a prima facie case is established, the burden shifts and the defendant must articulate a legitimate, nondiscriminatory reason for the adverse action.  Once the defendant has dispelled the interference of retaliation by establishing a legitimate, nondiscriminatory reason, the plaintiff may still prevail if the plaintiff demonstrates the articulated reason was a mere pretext for discrimination.

## CONSTRUCTIVE DISCHARGE UNDER TITLE VII

Your verdict must be for plaintiff if all the following elements have been proved by a preponderance of the evidence:

First, defendant made plaintiff's working conditions intolerable; and

Second, plaintiff's gender was a motivating factor in defendant's actions; and

Third, plaintiff's resignation was a reasonably foreseeable result of defendant's actions and/or defendant acted with the intent of forcing plaintiff to quit.

Working conditions are intolerable if a reasonable person in plaintiff's situation would have deemed resignation the only reasonable alternative or would feel compelled to resign.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.

## SEXUAL HARASSMENT AFFIRMATIVE DEFENSE

Your verdict must be for defendant on plaintiff's claim of sexual harassment if it has been proved by a preponderance of the evidence that:

1.    defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and

2.    that plaintiff unreasonably failed to take advantage of reporting his claims under the Town's Sexual Harassment Policy to the Town's designated Sexual Harassment Officer.

## SEX DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B

Sexual harassment is considered a form of gender discrimination prohibited under Massachusetts law. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature if submission to or rejection of such advances are either explicitly or implicitly made a term or condition of employment or are used as a basis for employment decisions or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or altering the terms or conditions of employment by creating an intimidating, hostile, humiliating, or sexually offensive work environment.

## SEXUAL HARASSMENT IN VIOLATION OF M.G.L. c. 151B

## QUID PRO QUO HARASSMENT

The plaintiff claims that he was forced to quit his job as a result of Evelyn Daly subjecting him to sexual advances. To recover, the plaintiff must prove by a preponderance of credible evidence that:

1.    he is a member of a protected class;

2.    the sexual advances were unwelcome;

3.    the advances were sexually motivated;

4.    the plaintiff's reaction to the harassment affected a tangible aspect of his employment; and

5.    the harassment was undertaken by one of the employer's supervisors.

## **HOSTILE WORK ENVIRONMENT ELEMENTS UNDER M.G.L. c. 151B**

The plaintiff claims that he was subjected to a hostile work environment. In order to recover, the plaintiff must prove by a preponderance of the credible evidence that:

1.    he was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature;

2.    the sexual advances were unwelcome;

3.    the conduct was sufficiently severe or pervasive to cause the work environment to become hostile, intimidating, or humiliating to an objectively reasonable person in the plaintiff's position; and

4.    this conduct affected his job performance or altered the conditions of his employment.

## DEFINING "SUPERVISOR"

A "supervisor" is a person with immediate or successively higher authority over the employee.

The essence of supervisory status is the authority to affect terms and conditions of employment,

primarily consisting of the power to hire, fire, demote, promote transfer, or discipline employee.

## DEFINING "TANGIBLE EMPLOYMENT ACTION"

A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

**<u>DEFINING "UNWELCOME"</u>**

In making the factual determination of unwelcome conduct, you must consider the plaintiff's subjective view of Ms. Daly's actions.  For example, whether the plaintiff took offense at the conduct and the degree to which the plaintiff initiated or was a willing participant in the conduct would be relevant to your determination.

## DEFINING "SEVERE OR PERVASIVE"

In determining whether the defendant's conduct was severe or pervasive, you should consider the frequency of the conduct as well as its severity and offensiveness.  The more severe and offensive the conduct, the less frequent it has to be to create a hostile work environment.  Likewise, less severe and offensive conduct can constitute a hostile work environment if it is repetitious.  The type of conduct that may give rise to a hostile work environment includes, but is not limited to, unwelcome physical touching, sexual jokes, derogatory gender references, or sexual propositions.  When examining whether the conduct was hostile, intimidating, or humiliating, it must be viewed in the light of a reasonable person in plaintiff's position.

## **HOSTILE WORK ENVIRONMENT – EMPLOYER LIABILITY**

If you find that the plaintiff has proven the elements that I have given you, then the plaintiff is entitled to recover from the employer if you also find by a preponderance of the credible evidence that the harassment was conducted by one of the employer's supervisors.

## RETALIATION IN VIOLATION OF M.G.L. c. 151B

The plaintiff claims that the defendant retaliated against him because he opposed a discriminatory practice.  In order to recover, the plaintiff must prove to you by a preponderance of the credible evidence the following elements:

1.      the plaintiff reasonably and in good faith believed that the defendant was engaged in wrongful discrimination;

2.      the plaintiff acted reasonably in response to that belief in opposing the employer's practices; and

3.      the defendant's desire to retaliate was a determinative factor in its decision to affect the plaintiff's terms and conditions of employment.

## DEFINING "ADVERSE EMPLOYMENT ACTION"

In order for the plaintiff to establish that he suffered an adverse employment action, the plaintiff must prove to you by a fair preponderance of the credible evidence that he has been materially disadvantaged in respect to salary, grade, or other objective terms and conditions of employment. Subjective feelings of disappointment or disillusionment concerning an employment action do not constitute an adverse employment action.

## CONSTRUCTIVE DISCHARGE

The plaintiff resigned his job.  The plaintiff claims that he was constructively discharged by the defendant.  To establish that the plaintiff was constructively discharged, the plaintiff must prove to you by a preponderance of the credible evidence that the employer's conduct created working conditions which were so objectively difficult or unpleasant that a reasonable person in the plaintiff's position would have felt compelled to resign.  In order to be objectively intolerable, the adverse working conditions must be aggravated or amount to a continuous pattern of conduct.

## **<u>DAMAGES</u>**

The fact that you are instructed on damages is not to be considered by you to suggest that you must consider damages. You are to consider damages if and only if you find that the plaintiff proved any of his claims by a preponderance of the evidence.

## **<u>DAMAGES</u>**

The plaintiff also bears the burden of proving the amount of his damages, if any, by a preponderance of the evidence.  In deciding the amount of damages, you may not guess or speculate.

**<u>DAMAGES</u>**

If you find in favor of the plaintiff on his sexual harassment hostile work environment claim, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## DAMAGES – Generally

If the plaintiff has proven to you that the defendant unlawfully discriminated against him, then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that he has suffered because of the defendant's unlawful discrimination. The plaintiff bears the burden of proof on damages. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated against the plaintiff, then you must award damages in the following four areas:

1.      back pay,

2.      front pay,

3.      emotional distress, and

4.      punitive damages.

I will explain each to you.

**<u>BACK PAY</u>**

The plaintiff is entitled to back pay, which is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. This includes all lost bonuses, employment benefits, and health insurance benefits that would have accumulated but for the defendant's discriminatory conduct. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action.

## MITIGATION OF DAMAGES

The plaintiff also has a duty to limit his damages.  It is the defendant's burden to prove to you that the plaintiff failed in his duty to mitigate damages by seeking other employment.  The defendant meets this burden if it has proved to you that

1.      one or more discoverable opportunities for comparable employment were available as convenient as more convenient than the place of former employment.

2.      the plaintiff unreasonably made no attempt to apply for any such job, and

3.      it was reasonably unlikely that the plaintiff would have obtained one of those comparable jobs.

If the defendant has proved these facts, then you should reduce any back pay award to the plaintiff by the amount that he could have earned in wages and benefits at the comparable job.

## FRONT PAY

The plaintiff is entitled to front pay, which is the amount of damages resulting from the loss of future earnings and benefits that is attributable to the employer's misconduct. You cannot speculate in awarding front pay; rather, the determination of the amount of the award must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and benefits, that the plaintiff would have received but for the defendant's unlawful discrimination.

In determining front pay you should consider and weigh the following factors:

1.     the amount of earnings, including salary and benefits, that the plaintiff would have received between now and the plaintiff's projected retirement date;

2.     the plaintiff's probable date of retirement;

3.     the amount of earnings that the plaintiff probably would have received from another employer until his retirement. This, of course, would reduce any front pay award to the plaintiff. The plaintiff is under a duty to mitigate or lessen his losses by reasonable efforts to secure other employment. It is the defendant's burden to prove that the plaintiff could reasonably be expected to earn money in the future to offset any losses attributable to the plaintiff;

4.     the availability of other employment opportunities; and

5.     the possibility of inflation and wage increases in the future.

## REDUCING FRONT PAY TO PRESENT VALUE

If you award damages to the plaintiff for losses he will suffer in the future, keep in mind that a plaintiff cannot be awarded damages that overcompensate the losses that he suffered because of the defendant's conduct.  In order to avoid overpaying the plaintiff, you must consider that the amount of money you give the plaintiff today for future losses can be put in the bank, where it can earn interest.  So, in making an award for future damages, you must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide the plaintiff with the amount of money that you calculated he will lose in the future as a result of the defendant's conduce.

**<u>Emotional Distress Damages</u>**

Mr. Erali also claims that the Town's actions caused him emotional distress.  In order to recover damages for emotional distress, you may not presume that Mr. Erali was so injured:  the plaintiff always bears the burden of proving to you, by a preponderance of the evidence, that the mental distress he claims is real, and that it was caused by the actions of the Town.  Mr. Erali is not entitled to a windfall.  <u>Carey</u> v. <u>Piphus</u>, 435 U.S. 247, 262 (1977).

Mr. Erali must provide an "objective corroboration of the emotional distress alleged."

Further, Mr. Erali "must do more than allege mere upset, dismay, humiliation, grief and

anger" in order to sustain this burden.  <u>Sullivan</u> v. <u>Boston Gas. Co.</u>, 414 Mass. 129

(1993).

Mr. Erali must demonstrate that he has suffered physical harm as a direct result of the emotional distress allegedly sustained.  The physical injuries caused by the emotional distress must be demonstrated by evidence of harm which is proven by objective determination.  <u>Payton</u> v. <u>Abbott Labs</u>, 386 Mass. 540 91992).

**Punitive Damages**

Mr. Erali also seeks punitive damages from the Town.  Punitive damages may be awarded only if you find first that Mr. Erali is entitled to actual or compensatory damages, and second, if you find that the Town's conduct was motivated by evil or malice, or involved reckless or callous indifference to Mr. Erali's civil rights.  Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).

**<u>Punitive Damages</u>**

If you find that the defendant has intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted.  Punitive damages are different from compensatory damages.  Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.  Punitive damages are appropriate where the defendant's conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider:

1.     the character and nature of the defendant's conduct;

2.     the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3.     the actual harm suffered by the plaintiff; and

4.     the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

## PUNITIVE DAMAGES

If you find in favor of the plaintiff under the sexual harassment hostile work environment instruction and under the Retaliation Instruction, then you must decide whether the defendant acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of his sex.  The defendant acted with malice or indifference if:

it has been proved by a preponderance of the evidence that the Town of Orange, Evelyn Daly, Tom Forest, or Dan Kimball knew that the harassment was in violation of law prohibiting sex discrimination, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved by a preponderance of the evidence that the defendant made a good-faith effort to comply with the law prohibiting sex discrimination.

        If you find that the defendant acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual or nominal damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter the defendant and others from like conduct in the future.  Whether to award the plaintiff punitive damages, and the amount of those damages, are within your discretion.

                                        DEFENDANT

                                        TOWN OF ORANGE

                                        By its attorneys,

                                        /s/ Carolyn M. Murray_____
                                        David C. Jenkins (BBO# 251000)
                                        Carolyn M. Murray (BBO# 653873)
                                        Kopelman and Paige, P.C.
                                        101 Arch Street, 12th Floor
                                        Boston, MA 0211o
                                        (617) 556-0007