UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| WESTERN DIVISION | C.A. No. 04CV30241-MAP |
|---|---|
| MICHAEL F. ERALI,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF ORANGE,<br><br>    Defendant | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DOCUMENTARY EVIDENCE AND EXPERT TESTIMONY PERTAINING TO PLAINTIFF'S EMOTIONAL DISTRESS AND/OR MEDICAL TREATMENT |

Now comes the defendant, Town of Orange ("Town"), and hereby moves *in limine* to preclude the plaintiff, Michael F. Erali ("Erali"), from presenting any documentary evidence or expert testimony pertaining to emotional distress that he allegedly suffered, or medical treatment that he allegedly received, as a result of the alleged claims in this matter. As grounds for this motion, the Defendant states that Erali's Complaint alleges that he suffered damages, including emotional anguish and humiliation, emotional distress and the loss of enjoyment of life. See Complaint, ¶¶ 34, 37, 40, 43, 46. Additionally, in the Joint Pretrial Memorandum, plaintiff asserted that he suffered emotional distress, mental anguish and physical pain and suffering as a direct result of the defendant's discriminatory and retaliatory actions. See Joint Pretrial Memorandum, Plaintiff's Concise Summary of the Evidence.

In Massachusetts, the District Court Local rules expressly provide for the disclosure of medical records in cases on which the plaintiff claims personal injury. Local Rule 35.1 requires that the defendant be permitted to "inspect and copy non-privileged medical records pertaining to the diagnosis, care or treatment of injuries for which recovery is sought." L.R. 35.1.

No evidence exists, however, to support a claim that Erali suffered from emotional anguish, humiliation, emotional distress, loss of enjoyment of life, physical pain and suffering, or that he received medical treatment for these alleged damages other than two brief references in his deposition testimony and in one of his answers to interrogatories. See Michael Erali Deposition at pp. 107-108, filed with Defendant's Motion for Summary Judgment and attached Exhibit 1 and Plaintiff's Supplemental Responses to Interrogatories attached as Exhibit 2. As further grounds for this motion, the Defendant states that during discovery the Defendant attempted to obtain information and evidence from the plaintiff regarding his alleged emotional anguish, weight loss and/or medical treatment; however, the plaintiff refused to comply with those requests on the basis that the medical records were not relevant or not admissible because plaintiff has not made a claim for bodily injury other than the harm linked to his emotional distress. Moreover, plaintiff's counsel has represented that Erali did not intend to rely on the medical records or on testimony by his health care provider. Finally, plaintiff's counsel designated no expert witness in the Joint Pre-trial Memorandum.

Courts within the First Circuit have held that where a plaintiff alleges only the "garden variety" of emotional distress and mental anguish, no expert testimony is required, while claims involving mental or psychological injury or psychic damage require the expert testimony of a mental health professional. See, e.g., Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 204 (D.Mass. 2000). "An award of damages for emotional distress must be supported by competent evidence of 'genuine injury,' the proof of which is distinct from proof required to show discrimination." Azimi v. Jordan's

Meats, Inc., 456 F.3d 228, 235 (1st Cir. 2006) (internal citations omitted). It is the plaintiff's burden to convince the trier of fact that he suffered distress. Id. at 237. Based on the fact that Erali's counsel has indicated that Erali will not rely on his medical records at trial or on testimony by Erali's health care provider to establish his emotional distress damages, the defendant argues that no such evidence should be admitted at trial.

As such, this Court should preclude the plaintiff from presenting any documentary evidence or expert testimony at trial pertaining to emotional distress that he allegedly suffered, or medical treatment that he allegedly received, as a result of the alleged claims in this matter.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the within motion *in limine* be granted.

DEFENDANT,

TOWN OF ORANGE,
By its attorneys,


/s/ Carolyn M. Murray
David C. Jenkins (BBO# 251000)
Carolyn M. Murray (BBO# 653873)
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007

Dated: February 16, 2007

307061/METG/0538

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL F. ERALI,
                Plaintiff

VS                                CIVIL ACTION
                                  NO. 04-30241-MAP

TOWN OF ORANGE,
                Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEPOSITION OF MICHAEL F. ERALI, taken on behalf of the defendant pursuant to the Massachusetts Rules of Civil Procedure before Kathleen M. Benoit, CSR # 1368F94, Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts at the offices of Kopelman and Paige, P.C., 31 St. James Avenue, Boston, Massachusetts, on Friday, July 22, 2005, commencing at 10 a.m.

APPEARANCES:

SUZANNE GARROW, ESQ., Heisler, Feldman & McCormick, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103, For the plaintiff

CAROLYN M. MURRAY, ESQ., and DAVID JENKINS, ESQ., Kopelman and Paige, P.C., 31 St. James Avenue, 7th Floor, Boston, MA 02116, For the defendant

Leavitt Reporting, Inc.

1207 Commercial Street, Rear
Weymouth, MA 02189

Tel. 781-335-6791
Fax: 781-335-7911
leavittreporting@att.n

Hearings ◆ Conferences ◆ Legal Proceedings

1    A.   Yes, ma'am.
2    Q.   Do you recall any other time that you received a
3 warning for being late?
4    A.   No, that was it.  There was only one.
5    Q.   Okay, thank you.
6         After you left the Town of Orange, did you --
7 I'm sorry, strike that.
8         In your complaint you claim you suffered
9 emotional anguish --
10   A.   Yes, ma'am.
11   Q.   Sometimes called emotional distress also as a
12 result of Miss Daley's behavior.  Can you describe some of
13 the symptoms you experienced?
14   A.   After the fact when I left?
15   Q.   Whatever time you actually experienced it.  It
16 could have been before you left, after you left.
17   A.   I don't really understand.  I don't know if you
18 could ask me...
19   Q.   Did you seek any medical attention --
20   A.   Did I?
21   Q.   -- as a result of Miss Daley's behavior?
22   A.   Well, I went to the doctors because I lost, I lost
23 weight, I was losing weight, and I went to the doctors to

Case 3:04-cv-30241-MAP    Document 34-4    Filed 02/16/2007    Page 7 of 14

108

1  try to find out what was wrong and that's about the extent
2  of it.  They couldn't help me in any way.  I lost a bunch
3  of weight.
4      Q.  Do you recall when that was?
5      A.  No, ma'am, I don't, I don't remember.  My wife
6  would know.
7      Q.  Do you recall if a doctor made a diagnosis?
8      A.  No, I don't recall.
9      Q.  Did the doctor prescribe any medication?
10     A.  No, ma'am.
11     Q.  Did the doctor, did you have follow-up visits to
12  the doctor?
13     A.  No, she just told me I had to eat, try to eat stuff
14  with more protein and try to make up for the weight loss.
15     Q.  Do you recall anything else that you felt around
16  this same time as a result of Miss Daley's behavior?
17     A.  Yea, I lost everything.  I lost everything.  I had
18  to move out of the house because I couldn't afford it any
19  more.  Me and my wife we were fighting over everything, you
20  know.  The kids suffered through it.  It was ugly.  And for
21  a whole year everything was a wreck and it took a long
22  while for me to even, you know, get back to being normal
23  again.  And then I tried to block this all out of my head

                                                                118

## WITNESS CERTIFICATE

I, MICHAEL F. ERALI, do hereby certify that I have read the foregoing transcript of my testimony, and further certify that said transcript is a true and accurate record of said testimony

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___30___ DAY OF ___Sept.___, 2005.

_____
MICHAEL F. ERALI

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL ERALI II

        Plaintiff,

v.

TOWN OF ORANGE,
        Defendant.

DOCKET NO. 3:04-cv-30241-MAP

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Interrogatory No. 1

From April 22, 2003 to present, please state as accurately as possible:

(a) The full name and address of al1 employers;
(b) your occupation and a description of the duties entailed therein;
(c) the dates of your employment; and
(d) the amount of wages earned.

Kelly Services, Hadley MA, temporary worker, approximately 2 weeks in January 2004, $8.50 per hour, full-time; Longview RV, Northampton MA, detail work, full-time January 2004 for approximately 2-3 mos., 8.50 per hour full time, April 2004- Christmas 2004, April 2005-present, Saint Claim Landscaping, landscaping foreman/laborer, rate of pay was $10/per hour until Christmas 2004 in April I was rehired at $15.00 per hour.

Interrogatory No. 2

If, immediately prior to and/or at the time of or at any time subsequent to the occurrences alleged in your Complaint, you, your agents, had any communication with the defendant, Town of Orange, or any agent or servant of the defendant or heard any statement or conversation in which the defendant or any agent or servant of the defendant participated concerning the matters set forth in your Complaint, please set forth the substance thereof in full detail, giving the date and place thereof and identifying the parties involved.

In or around December 2002, when Evelyn Daly started as my supervisor and when Mr. Forrest also remained with the Cemetery Department and continued to supervise me, I

complained to Mr. Forrest about Ms. Daly's treatment of me. In particular I told Mr. Forrest that Ms. Daly repeatedly called me at home during non-work hours. I told Mr. Forrest that Ms. Daly regularly and repeatedly called my mother's phone, my girlfriend's mother's home and my father's business phone supposedly looking for me at all different times of the day and night. I told Mr. Forrest that most of the content of the calls from Ms. Daly were highly personal and often sexual in nature and offended me. I told Mr. Forrest about sexual remarks Ms. Daly made to me. I told Mr. Forrest about sexual remarks made about me to my girlfriend and in front of my children.

Mr. Forrest told me that I had to speak to Ms. Daly, and ask that she stop, which, despite my being uncomfortable with Ms. Daly given the circumstances, I did. The comments and calls continued and in April 2003 I again complained to Mr. Forrest about Ms. Daly's sexual comments and behavior. He told me that I had to complain about all these incidents to his boss, the Orange Cemetery Commissioner, Dan Kimball, which I did.

Mr. Kimball did nothing about my complaints other than require me to confront Ms. Daly. I was too uncomfortable to do so in person but did so on the phone with Mr. Kimball and Ms. Daly. She yelled and screamed at me, and ordered me to return to work immediately or lose my job.

Mr. Forrest called me in or around the early part of 2004 and asked that I not pursue my discrimination claim any longer.

Interrogatory No.3

Please describe fully and in complete detail all injuries, ailments or pains which you claim to have suffered as a result of the alleged incidents in your Complaint.

I suffered emotional distress resulting in sleepless nights; I would fly off the handle at my family. I had many worries and distress due to financial problems which caused emotional strains with my family and we had to move from our apartment due to the cost and having no job.

Interrogatory No.4

If you have received any medical treatment for any injury to have been suffered as a result of the events alleged in the Complaint, please state:

(a) the names and addresses of any and all persons or institutions from which you received such medical or other treatment;

(b) the date, place and nature of each treatment; and

(c) a full and complete description of all treatment, medication and tests administered to you including the date and places.

Lourdes Flaminiano, MD
80 Mechanic St
Athol, MA 01331-3534

Treated me for weight loss which began immediately after my constructive termination and for which I treated in or around August 2005. My diet was regulated to achieve weight gain.

Interrogatory No.5

Please describe fully and in complete detail any and all injuries or injurious effects of the occurrences alleged in your Complaint from which you are now suffering, or if you have recovered, please state the approximate date on which you recovered.

See answer to number 3.

Interrogatory No.6

Please describe fully and in complete detail any illnesses, injuries, diseases, defects or operations which you may have had or suffered from:

(a) within five (5) years prior to the time of the subject incident alleged in your Complaint, setting forth the date of each incident; and

(b) at any time after the aforesaid subject incident not caused by or arising from the same setting forth the day of each incident.

Objection to the extent this interrogatory is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No.7

Please state in itemized form all expenses or damages suffered by you, incurred by you or anyone on your behalf as a result of the incident alleged in your Complaint.

I have suffered lost wages and benefits as set forth above, emotional distress damages and seek punitive damages in an amount to be determined at trial.

Interrogatory No.8

Please set forth the factual basis of your contention that the defendant, Town of Orange, discriminated against you on the basis of your sex, including:

(a) the date(s) of each such act;

(b) the name and job title of each agent or employee of the Defendant who was

involved in any way in each such act;

(c) a detailed description of each such act by each such agent or employee of the Defendant;

(d) the name and address of each person who was a witness to or was involved in any way in each such act; and

(e) the observations and personal knowledge to each witness concerning such acts. See response to interrogatory 2. In addition, the witnesses to sexual comments at work were my coworkers, including Shane Doucette. Aleesha Watson witnesses sexual comments to me by Ms. Daly. Witnesses to Ms. Daly's phone calls were Aleesha Watson, Michael Erali, Anne Watson, Linda Erali.

Interrogatory No.9

Please state each and every fact upon which you base the allegation in the Complaint that the Defendant, Town of Orange, retaliated against you, and state as to each act:

(a) the date(s) of each such act;

(b) the name and job title of each agent or employee of the Defendant who was involved in any way in each such act;

(c) a detailed description of each such act by each such agent or employee of the Defendant;

(d) the name and address of each person who was a witness to or was involved in any way in each such act; and

(e) the observations and personal knowledge to each witness concerning such acts.

After many complaints to Tom Forrest about Evelyn Daly, he told me to make complaints about her to Mr. Kimball. I did so and not only did Mr. Kimball do nothing about my complaints, he required me to confront Ms. Daly with them. I was too uncomfortable to do so in person but did so on the phone with Mr. Kimball and Ms. Daly. She immediately began to yell and scream at me, and ordered me to return to work immediately or lose my job. Mr. Kimball did not intervene despite Ms. Daly's bad and harassing behavior. Mr. Kimball made me speak with Ms. Daly about the harassment myself and failed to give me any assurances that her harassing behavior would not continue.

PLAINTIFF MICHAEL ERALI II
By his attorney,

_____
Suzanne Garrow BBO# 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996
sgarrow@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by first class mail upon the attorneys of record for the Defendant on December 29, 2005.

_____
Suzanne Garrow