UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL ERALI II | : | |
| Plaintiff, | : | DOCKET NO. 3:04-cv-30241-MAP |
| v. | : | |
| TOWN OF ORANGE, | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
ANY EVIDENCE RELATING TO
UNEMPLOYMENT COMPENSATION PAID TO THE PLAINTIFF**

The Plaintiff respectfully moves this Court to preclude the entry into evidence any evidence pertaining to unemployment compensation paid to the plaintiff.

Under Massachusetts law, the collateral source rule bars a Court from applying an offset for unemployment benefits to a plaintiff in tort's damage award  "A defendant may not show that the plaintiff has received other compensation for his injury, whether from an accident insurance policy . . . from workmen's compensation,. . . from an employer, . . . or from other sources . . .." Goldstein v. Gontarz, 364 Mass. 800, 808-809 (1974).  In addition, the vast majority of federal appellate courts which have addressed the issue have concluded that in employment-related cases income derived from collateral sources such as unemployment compensation should not be offset against awards for lost past or future wages. See e.g., NLRB v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337 (1951)(unemployment compensation not deductible from back pay award under remedial statute, NLRA); Thurman v. Yellow Freight Sys. Inc., 90 F.3d 1160 (6th Cir 1996)(holding that unemployment compensation and workers' compensation were not offsets against back pay award in employment case); Gaworski v. ITT Commercial Finance Corp., 17 F.3d 1104, 1112-14 (8th

Cir. 1994), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994) (unemployment benefits are not offset against back pay award in wrongful termination ADEA case); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1429 (7th Cir. 1986)(applies the collateral source rule and notes a growing reluctance by judges to deduct unemployment benefits from back pay awards); Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 209 (5th Cir. 1986)(finding in an employment case, collateral sources including unemployment compensation should not reduce back pay awards); Craig v. Y & Y Snacks, Inc., 721 F.3d 77, 81-85 (3rd Cir. 1983)(finding in employment discrimination case that unemployment compensation not deductible from back pay award); Lussier v. Runyon, 50 F.3d 1103, 1107-10 (1st Cir. 1995). Brown v. A.J. Gerrard Mfg. Co., 695 F.2d 1290, 1293 (11th Cir.1983)(holding that unemployment compensation benefits should not be deducted from Title VII back pay awards); Kauffman v. Sidereal Corp., 695 F.2d 343, 346-47 (9th Cir.1982)(plaintiff's award in employment discrimination case should not be offset by the amount of unemployment compensation).

Under the collateral source rule, an employer is not entitled to credit for moneys paid to the injured employee by third parties. Gaworski, 17 F.3d. at 1112-14. To allow such a credit would provide a windfall to the employer, the party who engaged in wrongful termination. Brown, 695 F.2d at 1293. To allow the employer to benefit by deducting from damages owed amounts paid to an employee by a collateral source amounts to a bonus to the wrongdoer. A result, no doubt, that the collateral source rule seeks to avoid.

The First Circuit recognizes that unemployment compensation is a collateral benefit. Quint v. A. E. Staley Mfg. Co., 172 F.3d 1 (1st Cir. 1999). See also Daniel v. Loveridge, 32 F.3d 1472, 1479 n.4(10th Cir. 1994); Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251, 258 (2d Cir. 1991). The First Circuit has found that it is well within the district court's discretion to not reduce a back pay award by the amount of unemployment compensation collected by a plaintiff. See id.

Given the First Circuit's view and the view of the majority of appellate courts, the Court should not allow evidence of unemployment compensation to go before the jury. It will only create juror confusion and lead the jury to believe that it must reduce any award granted by the amount of unemployment compensation. Such conclusion is prejudicial to the plaintiff and against the vast weight of authority, including Massachusetts Supreme Judicial Court, especially in light of the state law claims that will be presented to the jury.

Dated: February 19, 2007                    Respectfully submitted,

                                            PLAINTIFF MICHAEL ERALI II
                                            By his attorney,


                                            ___/s/ Suzanne Garrow
                                            Suzanne Garrow BBO# 636548
                                            sgarrow@comcast.net
                                            Heisler, Feldman, McCormick
                                                & Garrow, P.C.
                                            1145 Main Street, Suite 508
                                            Springfield, MA  01103
                                            Ph. (413) 788-7988
                                            Fax (413) 788-7996


CERTIFICATE OF SERVICE

   I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                            _____/s/ Suzanne Garrow
                                            Suzanne Garrow