UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL ERALI II | : | |
| Plaintiff, | : | DOCKET NO. 3:04-cv-30241-MAP |
| v. | : | |
| TOWN OF ORANGE, | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
IMPERMISSIBLE CHARACTER TESTIMONY**

The Plaintiff respectfully moves this Court to preclude impermissible character evidence to be presented to the jury. The defendant may seek to present evidence including documents and testimony regarding Mr. Erali's tardiness or absence from work prior to Evelyn Daly beginning as his supervisor and evidence of discipline received by Mr. Erali as a result of absents or tardy arrival prior to Ms. Daly beginning at the Cemetery Department.

Rule 404 of the Federal Rules of Evidence provides:

>  (a)  Character evidence generally
>
>  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>  (1) Character of accused - In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404 (a)(2), evidence of the same trait of character of the accused offered by the prosecution; . . . and
>
>   (b)  Other crimes, wrongs, or acts
>
>  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

> accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Other than to impeach a witness' veracity or to rehabilitate and show truthfulness, character evidence is inadmissible to show conduct on a particular occasion subject to certain exceptions not applicable here. Fed. R. Evid. 404.

The defendant may seek to present evidence that Mr. Erali was on occasion absent or tardy prior to Evelyn Daly beginning as his supervisor. The only conceivable reason for offering such evidence is to impermissibly demonstrate "action in conformity therewith" after Ms. Daly began as Interim Superintendent of the Cemetery Department in November 2002. Such evidence is prohibited by Rule 404.

Evidence of this nature is also not at all probative here. Defendant asserts as part of its defense that the reason why Ms. Daly called Mr. Erali "more than she should" by her own admission, was to see if he was coming to work on a given day that he may be late or absent. Whether he was late or absent on a day prior to her employment with the Cemetery Department does not advance proof that he may have been late or absent on a given day during her employment.

The evidence that the defendant may seek to offer is not habit evidence contemplated by Fed. R. Evid. 406. Habit evidence is evidence of actions and reactions that together are mechanistic, routinized or semi-automatic. The First Circuit has described habit evidence as evidence which demonstrates that the "behavior at issue 'occurred with sufficient regularity making it more probable than not that it would be carried out in every instance or in most instances.' The requisite regularity is tested by the 'ratio of reaction to situations.' It is essential, therefore, that the regularity of the conduct alleged to be habitual rest on an analysis of instances 'numerous enough to [support] an inference of systematic conduct' and to establish 'one's regular response to a repeated specific situation.'" USA v. Newman, USCA

Slip Opinion 91-2303 (1st Cir. December 31, 1992) (quoting Fed. R. Evid. 406, advisory committee's notes) (internal citations omitted). Mr. Erali's absences or tardiness in the past were discrete incidents in that the reason for each was different and do not demonstrate the mechanistic cause and effect contemplated by Fed. R. Evid. 406.

Finally, Federal Rule of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Even if the Court were to find that the character evidence the defendant may seek to offer is somehow admissible, the Court should find that any probative value is outweighed by the certain prejudice and confusion that will inure by presenting this marginal evidence to the jury.

Dated: February 19, 2007

Respectfully submitted,

PLAINTIFF MICHAEL ERALI II
By his attorney,

/s/ Suzanne Garrow

Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman, McCormick
& Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

/s/ Suzanne Garrow
Suzanne Garrow