UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
MICHAEL ERALI II                                    :
:
          Plaintiff,        :        DOCKET NO.  3:04-cv-30241-MAP
:
v.                                                              :
:
TOWN OF ORANGE,                             :
              Defendant.      :
_____:

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY AND DOCUMENTARY EVIDENCE OF THE TIME CARD WITH THE NAME "GEORGE"

      The Plaintiff respectfully moves this Court to preclude the entry into evidence of a time card that purports to be for the week beginning April 21, 2003, with the name "George" written on it and any testimony relating thereto. The defendant may seek to introduce this time card or testimony about the time card into evidence to somehow show that Michael Erali was in work on April 22, 2003. However, the evidence it may seek to present to the jury completely lacks foundation and any probative value is merely speculative and should not be before the jury.

      Federal Rules of Evidence 901 and 902 require that in order for an exhibit to be admissible it must be what it purports in fact to be. Rule 901(a) of the Federal Rules of Evidence provides:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Fed Rule Evid. 901(a). The defendant cannot make even a prima facie showing under this rule.

The timecard which defendant may seek to present to the jury as one belonging to Mr. Erali has the name "George" written on it. Mr. Erali's time card for each week throughout his employment had the name Mike or Mike Erali or some variation of Mr. Erali's name written on it (except the week in which Ms. Daly wrote Li'l Tyke at the top of Mr. Erali's time card). The timecard was punched on Monday April 21, 2003, the Monday of the week in question. Mr. Erali's contention is that he was not in work on Monday at all as it was a scheduled day off. Mr. Erali also plainly denies coming to work on Tuesday of that week because he was instructed by the Chairman of the Cemetery Department Daniel Kimball to have a phone meeting on April 22, 2003, with Mr. Kimball and Ms. Daly. Ms. Daly stated at her deposition that the timecard at issue was already punched (albeit on the Monday time slot) when she came to work on Tuesday April 22, 2003, and that she never saw Mr. Erali at work at all on that day. There is simply no one with personal knowledge to authenticate that <u>it was</u> Mr. Erali who punched George's timecard -- a claim which Mr. Erali flatly denies.

Even if the defendant were somehow able to make a prima facie showing of authentication of the timecard, the probative value of the evidence is speculative at best. Based on pure conjecture by Ms. Daly or some other witness, the defendant may seek to enter the time card and testimony about the timecard into evidence to show that Mr. Erali, not George, as was written on the time card, came to work on Tuesday, not Monday as was written on the time card and that Mr. Erali punched the time card on that day. Given the nature of the information contained on the time card, the lack of a witness to Mr. Erali punching the card or being in work on Tuesday April 22, 2003, it is impossible to see how the time card or any testimony about what the punch on the time card might mean could have any probative value on whether Mr. Erali was in work on that day.

Dated: February 19, 2007						Respectfully submitted,

									PLAINTIFF MICHAEL ERALI II
									By his attorney,


									 /s/ Suzanne Garrow
									Suzanne Garrow BBO# 636548
									sgarrow@comcast.net
									Heisler, Feldman, McCormick
										& Garrow, P.C.
									1145 Main Street, Suite 508
									Springfield, MA  01103
									Ph. (413) 788-7988
									Fax (413) 788-7996


CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).
						 /s/ Suzanne Garrow
						Suzanne Garrow