UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL ERALI II | : | |
| Plaintiff, | : | DOCKET NO. 3:04-cv-30241-MAP |
| v. | : | |
| TOWN OF ORANGE, | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
DEFENDANT'S ASSERTION OF FARAGHER/ELLERTH DEFENSE**

The defendant may seek to offer an affirmative defense not pled in its answer to the operative complaint to the plaintiff's Title VII claim of a gender hostile work environment. In fact, the affirmative defense that the defendant may seek to offer has not been pled to date. The Plaintiff respectfully moves this Court to specifically preclude the defendant from asserting an affirmative defense to his federal claim arising from the cases of *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. Boca Raton,* 524 U.S. 775 (1998).

The *Ellerth* decision, together with the holding in *Pennsylvania State Police v. Suders* 542 U.S. 129 (2004) provides an employer an affirmative defense and allows it to escape liability, in certain instances under Title VII. One of these instances includes when there is supervisor harassment together with a claim of constructive termination, as is the case here. An employer will escape liability in that instance if, (a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See Ellerth*, 524 U.S. 742 and *Suders,* 542 U.S. 129

This potential affirmative defense to the plaintiff's Title VII claim has never been pled. Federal Rule of Civil Procedure 8(c) requires that a responsive pleading set forth certain enumerated affirmative defenses and "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The First Circuit analyzes whether a given defense falls within the ambit of the Rule 8(c) pleading requirement by analyzing whether the affirmative defense would "bar to the right of recovery even if the general complaint were more or less admitted to." *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444, 449 (1st Cir. 1995) (*citing Jakobsen v. Mass. Port Auth*., 520 F.2d 810, 813 (1st Cir. 1975). Here, under that analysis, as explained above, recovery under a Title VII claim could be barred if the affirmative defense is proven. If such defense is not timely pled, it is waived. *Reliance Standard Life Ins. Co.*, 71 F.3d at 449.

Allowing the defendant to late plead the affirmative defense at this time would also be futile for two reasons. The plaintiff has a claim for a gender hostile work environment and constructive termination under the Massachusetts anti-discrimination law M.G.L. c. 151B. Since 1987, Massachusetts has held employers strictly liable for sexual harassment perpetrated against employees by their supervisors. *College-Town v. Massachusetts Comm. Against Discrimination*, 400 Mass. 156, 167 (1987). If the jury were to determine that Ms. Daly, who is undisputedly Mr. Erali's supervisor, sexually harassed Mr. Erali, the Town of Orange is strictly liable and should not be able to raise the *Farragher/Ellerth* defense. Under *College-Town* employer liability is unaffected by whether the victim of the harassment ever complained to anyone. This conclusion is bolstered when reading the holding of *Collegetown* in light of the requirements of M.G.L. c. 151B, § 3A, requiring "Sexual Harassment, Education and Training in the Workplace." In light of the fact that employers must adopt a sexual harassment policy to prevent and remediate harassment and will nevertheless be found

liable for supervisor harassment, the strict liability standard in *Collegetown* is alive and well under Massachusetts law.[1]

The facts also make assertion of the claim futile. In the wake of *Farragher* and *Ellerth*, courts have found that having an effective sexual harassment policy and effective complaint procedure is strong evidence that an employer is insulated from liability. *See e.g. Montero v. AGCO Corp.*, 19 F. Supp.2d 1143 (E.D. Cal. 1998); *c.f. Pyne v. Procacci Bros. Sales Corp.*, No. Civ. A. 96-7314, 1998 WL 386118(E.D. Pa. July 10, 1998). Here, during the relevant timeframe, if an employee had a complaint of sexual harassment he was required to file that complaint with the Town Administrator, Richard Kwiatowski. (See attachment 1.) No other name or complaint filing process was given in the sexual harassment policy. The alleged harasser in this matter will testify that during the relevant timeframe that Mr. Kwiatkowski was sexually harassing her. The effectiveness of any anti-harassment policy administered by Mr. Kwiatkowski should be in question and any defense that relies on Mr. Kwiatkowski effectively remediating sexual harassment is futile and should not be presented to the jury.

Dated:   February 19, 2007            Respectfully submitted,

                                      PLAINTIFF MICHAEL ERALI II
                                      By his attorney,


                                         /s/ Suzanne Garrow
                                      Suzanne Garrow BBO# 636548
                                      sgarrow@comcast.net
                                      Heisler, Feldman, McCormick
                                            & Garrow, P.C.
                                      1145 Main Street, Suite 508
                                      Springfield, MA  01103
                                      Ph. (413) 788-7988
                                      Fax (413) 788-7996

---

[1] To allow the affirmative defense would also cause unnecessary juror confusion and could lead to highly contradictory verdicts.

CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                                    /s/ Suzanne Garrow
                                                 Suzanne Garrow

# SEXUAL HARASSMENT POLICY OF THE TOWN OF ORANGE

## I. Introduction

It is the goal of the Town of Orange to promote a workplace that is free of sexual harassment. Sexual harassment of employees occurring in the workplace or in other settings in which employees may find themselves in connection with their employment is unlawful and will not be tolerated by this organization. Further, any retaliation against an individual who has complained about sexual harassment or retaliation against individuals for cooperating with an investigation of a sexual harassment complaint is similarly unlawful and will not be tolerated. To achieve our goal of providing a workplace free from sexual harassment, the conduct that is described in this policy will not be tolerated and we have provided a procedure by which inappropriate conduct will be dealt with, if encountered by employees.

Because the Town of Orange takes allegations of sexual harassment seriously, we will respond promptly to complaints of sexual harassment and where it is determined that such inappropriate conduct has occurred, we will act promptly to eliminate the conduct and impose such corrective action as is necessary, including disciplinary action where appropriate.

Please note that while this policy sets forth our goals of promoting a workplace that is free of sexual harassment, the policy is not designed or intended to limit our authority to discipline or take remedial action for workplace conduct which we deem unacceptable, regardless of whether that conduct satisfies the definition of sexual harassment.

## II. Definition Of Sexual Harassment

In Massachusetts, the legal definition for sexual harassment is this: "sexual harassment" means sexual advances, requests for sexual favors, and verbal or physical conduct of a sexual nature when:

(a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; or,

(b) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.

Under these definitions, direct or implied requests by a supervisor for sexual favors in exchange for actual or promised job benefits such as favorable reviews, salary increases, promotions, increased benefits, or continued employment constitutes sexual harassment.

The legal definition of sexual harassment is broad and in addition to the above examples, other sexually oriented conduct, whether it is intended or not, that is unwelcome and has the effect of creating a work place environment that is hostile, offensive, intimidating, or humiliating to male or female workers may also constitute sexual harassment.

While it is not possible to list all those additional circumstances that may constitute sexual harassment, the following are some examples of conduct, which if unwelcome, may constitute sexual harassment depending upon the totality of the circumstances including the severity of the conduct and its pervasiveness:

*Unwelcome sexual advances – whether they involve physical touching or not;

*Sexual epithets, jokes, written or oral references to sexual conduct, gossip regarding one's sex life; comment on an individual's body, comment about an individual's sexual activity, deficiencies, or prowess;

*Displaying sexually suggestive objects, pictures, cartoons;

*Unwelcome leering, whistling, brushing against the body, sexual gestures, suggestive or insulting comments;

*Inquiries into one's sexual experiences; and,

*Discussion of one's sexual activities.

All employees should take special note that, as stated above, retaliation against an individual who has complained about sexual harassment, and retaliation against individuals for



cooperating with an investigation of a sexual harassment complaint is unlawful and will not be tolerated by this organization.

### III. Complaints of Sexual Harassment

If any of our employees believes that he or she has been subjected to sexual harassment, the employee has the right to file a complaint with our organization. This may be done in writing or orally.

If you would like to file a complaint you may do so by contacting Rick Kwiatkowski, Town Administrator, Orange Town Hall, 6 Prospect Street, Orange, MA 01364, or you may reach him at (978) 544-1106. Rick Kwiatkowski is also available to discuss any concerns you may have and to provide information to you about our policy on sexual harassment and our complaint process.

### IV. Sexual Harassment Investigation

When we receive the complaint we will promptly investigate the allegation in a fair and expeditious manner. The investigation will be conducted in such a way as to maintain confidentiality to the extent practicable under the circumstances. Our investigation will include a private interview with the person filing the complaint and with witnesses. We will also interview the person alleged to have committed sexual harassment. when we have completed our investigation, we will, to the extent appropriate inform the person filing the complaint and the person alleged to have committed the conduct of the results of that investigation.

If it is determined that inappropriate conduct has occurred, we will act promptly to eliminate the offending conduct, and where it is appropriate we will also impose disciplinary action.

### V. Disciplinary Action

If it is determined that inappropriate conduct has been committed by one of our employees, we will take such action as is appropriate under the circumstances. Such action may range from counseling to termination from employment, and may include such other forms of disciplinary action as we deem appropriate under the circumstances.

### VI. State and Federal Remedies

In addition to the above, if you believe you have been subjected to sexual harassment, you may file a formal complaint with either or both of the government agencies set forth below. Using our complaint process does not prohibit you from filing a complaint with these agencies. Each of the agencies has a short time period for filing a claim (EEOC - 300 days; MCAD - 6 months).

1. The United States Equal Employment Opportunity Commission ("EEOC") One Congress Street, 10th Floor Boston, MA 02114, (617) 565-3200.

2. The Massachusetts Commission Against Discrimination ("MCAD") Boston Office: One Ashburton Place, Rm. 601, Boston, MA 02108, (617) 727-3990. Springfield Office: 424 Dwight Street, Rm. 220, Springfield, MA 01103, (413) 739-2145. Worcester Office: 22 Front Street, Fifth Floor, PO Box 8038, Worcester, MA 01641, (508) 799-6379

## Page 1

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

WESTERN DIVISION         No. 04-30241-MAP
MICHAEL F. ERALI
          Plaintiff
vs
TOWN OF ORANGE
          Defendant


            DEPOSITION OF EVELYN L. DALY

             November 15, 2005, 10:10
          Heisler, Feldman and McCormick, PC
                  1145 Main Street
              Springfield, Massachusetts




                   Ann A. Preston
             Certified Shorthand Reporter
```

## Page 2

APPEARANCES

HEISLER, FELDMAN AND MCCORMICK, PC
1145 Main Street
Springfield, MA  01103
BY:  SUZANNE GARROW, ESQ.
(413) 788-7988
Representing the Plaintiff

KOPELMAN AND PAIGE, PC
31 St. James Street
Springfield, MA  02116
BY:  CAROLYN M. MURRAY, ESQ.
(617) 556-0007
Representing the Defendant

## Page 3

I N D E X

WITNESS:  EVELYN L. DALY

| | | |
|---|---|---|
| Direct Examination by Ms. Garrow | | 5 |
| Cross Examination by Ms. Murray | | 199 |
| Redirect Examination by Ms. Garrow | | 206 |

EXHIBITS

| | | |
|---|---|---|
| Exhibit 1, | Sexual Harassment Policy and Procedures | 72 |
| Exhibit 2, | Sexual Harassment Policy of the Town of Orange | 72 |
| Exhibit 3, | Copy of Timecards | 116 |
| Exhibit 3, | Copy of Timecards | 136 |
| Exhibit 5, | Copies of Caller IDs | 146 |
| Exhibit 6, | Memo to Ev from Mike | 150 |
| Exhibit 7, | 4/22/03 Memo for Erali File | 155 |
| Exhibit 8, | 1/14/03 Memo to Town of Orange from Commissioners | 177 |
| Exhibit 9, | Performance Review | 178 |
| Exhibit 10, | Town of Orange's Answers to Interrogatories | 192 |
| Exhibit 11, | Copy of Timecards | 201 |

## Page 4

STIPULATION

It is agreed by and between the parties that all objections, except as to form of the question, are reserved until the time of trial.

It is further agreed by and between the parties that all motions to strike unresponsive answers are reserved until the time of trial.

It is further agreed by and between the parties that the sealing of the original deposition transcript is hereby waived.

It is further agreed by and between the parties that the notification to all parties of the receipt of the original deposition transcript is hereby waived.

### Page 81

1  A. At least once every drill weekend, which was once a month.
   Q. So about one time a month he would say that to you?
5  A. Yes.
   Q. How many months did you have these drills?
8  A. I was in the National Guard for five years.
10 Q. Same drill sergeant every time?
11 A. Platoon sergeant.
12 Q. I'm sorry, platoon sergeant?
13 A. Yes.
14 Q. So was it every month for five years that he said that to you?
16 A. Just about. There may have been one month that he wasn't there.
18 Q. But if he was there, he said it?
19 A. Sure.
20 Q. So if someone said to you, Get down on your knees, could you consider that sexually harassing behavior?
23 A. Yes.
24 Q. And if somebody said something about

### Page 82

1  giving somebody -- you giving somebody a blow job, you consider that sexually harassing behavior?
4  A. Yes.
5  Q. Did you consider it sexually harassing behavior from the beginning, from the first time he said it to you?
8  A. Yes.
9  Q. Any other times that you can think of that -- other than the platoon sergeant that you can think of that you were the victim of sexually harassing behavior? Again, in the workplace we're talking about.
14 A. No.
15 Q. Looked like you were thinking about something. Was there something that you think is on the line, some sort of behaviors?
18 A. Um, the town administrator in Orange will say things that I find to be kind of wrong.
20 Q. Is that Mr. Kwiatkowski -- do you need a break?
22 A. Yes, I do.
23      (A break was taken)
24      MS. GARROW: Back on the record.

### Page 83

1  Q. (By Ms. Garrow) When we went on break, you were telling me about Mr. Kwiatkowski has made some comments to you that you believe were sexually harassing?
5  A. Yes.
6  Q. Can you tell me what those comments were?
8  A. I remember one time there was a comment that he made about my legs.
10 Q. What did he say about your legs?
11 A. That I had very nice legs. He's made innuendos about coming back to the Town Hall after hours to go out to dinner or come and see him while his wife is away.
15 Q. Anything else?
16 A. Not that I can recall from him.
17 Q. How many times did he make a comment about your nice legs?
19 A. Well, there was only that one time that I recalled.
21 Q. And the innuendos about coming back to the Town Hall after hours, how many times has he done that?
24 A. A few. I'm not sure exactly how many.

### Page 84

1  Q. Less than five?
2  A. Less than five, yes.
3  Q. Less than three?
4  A. No.
5  Q. So somewhere between three and four?
6  A. Yes. And he hasn't made a comment to me like that in a long time.
8  Q. What's a long time?
9  A. At least a year. Other people have made comments.
11 Q. Who else?
12 A. There was one day that I was walking through a meeting room and there was a meeting going on with different department heads. I wasn't involved. And I jokingly -- because they do have several department head meetings that I I'm not involved with because -- and I said jokingly as I was walking through, Are you sure you guys don't need the Cemetery Department here for this meeting; and the department head of the Water Department says, No, but we need a secretary. You get a lot of comments like that.
23 Q. When you say a lot, how many times have things like that been said to you?