UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
MICHAEL ERALI II                                    :
:
           Plaintiff,         :   DOCKET NO.  3:04-cv-30241-MAP
:
v.                                                              :
:
TOWN OF ORANGE,                              :
           Defendant.       :
_____:

## EMEREGENCY MOTION TO QUASH TRIAL SUBPOENA

The plaintiff respectfully moves the Court to quash a trial subpoena directed to the plaintiff's current employer.  The plaintiff also requests that if the defendant has served other trial subpoenas seeking testimony from witnesses not identified in discovery or the pretrial memorandum and documents not provided or identified in discovery or the pretrial memorandum that the defendant be required to turn the information over to the plaintiff and be precluded from using the previously unidentified documents and witnesses in any way at trial.

## INTRODUCTION

On Friday, the plaintiff learned that the defendant had just served a record keeper subpoena on the plaintiff's current employer seeking his employer to produce at trial "any and all employment records, reports or other documents including, but not limited to, employment applications, wage information, discipline, and attendance records concerning or relating to" the plaintiff.  The plaintiff's current employer is a small, essentially one man operation and the record keeper is the owner of the company and the plaintiff's boss.  At no time –not in initial automatic disclosures, not in answers to interrogatories seeking witnesses and people with knowledge, not in responses to document requests and not in the pretrial memorandum -- were these documents or the witness

identified as potential trial witnesses or exhibits.  The subpoena required the plaintiff's employer to report to trial on Monday February 26, 2007, at 9 a.m.  Plaintiff's counsel spoke with Elizabeth French and counsel for the parties have agreed that the employer will not show at that time but that the employer may provide the responsive documents *in camera*, not for the viewing by the parties and which should have already been received by the Court.

**ARGUMENT**

**The defendants should not be allowed to circumvent the rules and seek to present evidence not disclosed in the course of discovery.**

Discovery serves to set forth the general contours of the evidence regarding claims and defenses well in advance of trial to provide "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). See Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998).  In his document requests the plaintiff requested: "Any and all documents upon which the defendant(s) intend(s) to rely at trial" and "Any and all documents which the defendant(s) intend(s) to offer as evidence at trial."  In his interrogatories he requested the defendant:

> 2.     Identify each person known to you who has any knowledge relating to the facts or circumstances of the factual allegations made in the Complaint or in any pleading asserting a claim or defense in this action.  Include in your answer names, addresses, telephone numbers, and job titles and a brief description of the individual's knowledge with regard to the said allegations.
>
> 3.     Please identify the name, address and phone number of each person whom you expect to call as a witness at trial, and set forth the subject matter on which each witness is expected to testify and the substance of the facts and opinions to which each witness is expected to testify.

These are straightforward requests seeking the evidence upon which the defendant intends to rely at on at trial.  At no time was the plaintiff's current employer or any of the documents sought from the plaintiff's current employer identified in response to these requests.

The pretrial memorandum serves to put the parties on notice of the witnesses and documents that are potentially a part of the opponent's case.  The failure to identify the documents that are the

subject of the trial subpoena and having the plaintiff find out by mere happenstance prejudices the plaintiff by not allowing him to fully prepare for trial.  Moreover, many of the documents sought surely would have been the subject of a motion in limine had ample notice been given.[1]  Due to the failure to follow the rules the defendant should not be allowed to use the documents or testimony whether it intends to present them as evidence or to use in any other way.   This back door attempt to get at information that the defendant did not identify or vigorously pursue while in the discovery phase is too late, and a proverbial fishing expedition.  Accordingly, great prejudice will inure to the plaintiff if the defenasnt is allowed to use in any way previously unidentified witnesses and documents.

> **The plaintiff's conduct and performance as an employee of a different employer during a period of employment subsequent to his employment by the defendant is wholly irrelevant to the issues in this proceeding.**

It might be inferred from the Defendant's subpoena that it hopes to unearth evidence that the Plaintiff was late or absent from work at his current employer or that it seeks to engage in a fishing expedition and unearth information on the plaintiff's application that is somehow prejudicial to the plaintiff.   Such information would be entirely **inadmissible** for purposes of proving that Mr. Erali received discipline or was absent or tardy when the plaintiff worked for Orange and Mrs. Daly was his supervisor.  For the same reasons as previously set forth in the plaintiff's Motion in limine to preclude impermissible character evidence, filed in this matter on February 19, 2007, Docket No. 36, under Rule 404 of the Federal Rules of Evidence, it remains the general rule in civil cases in the federal courts that evidence of other acts by an individual is not admissible to prove that he or she engaged in similar conduct on another occasion.  *See e.g.,* Priest v. Rotary, 98 F.D.R. 755, 758 (N.D.Cal. 1983).

---

[1] The plaintiff will stipulate to the admission of documents that show the wages earned by the plaintiff at his current employer.

**<u>An order of the court barring or limiting the discovery sought by the defendants is required to protect the plaintiff from unreasonable annoyance, embarrassment and oppression.</u>**

There can be no other reasons for the trial subpoena of the plaintiff's current employer than an impermissible attempt to unearth prejudicial, impermissible character evidence, or to harass, embarrass or annoy Mr. Erali by allowing the defendant at this late date involve Mr. Erali's current employer with whom he maintains an ongoing work relationship. Federal Rule of Procedure 26(c) allows the Court to:

> "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters …"

Without any prior notice the Defendant seeks to bring Mr. Erali's employer to trial and rummage through his confidential personnel records at an entirely different, and subsequent, employer in the hopes that such a search will uncover kernels of evidence of dubious relevance. There are strong public policy reasons why this Court should decline to permit such a fishing expedition at the expense of Mr. Erali's privacy interests.

If individuals with claims of employment discrimination opened themselves up to broad-ranging probes into every aspect of their subsequent employment relationship merely by filing complaints under Title VII, the ability of such individuals to exercise their rights under such laws against discrimination would be seriously chilled. As found by the Court in <u>Priest</u>, the possibility that tactics aimed at obtaining disclosure of intimate aspects of plaintiff's lives "might intimidate, inhibit or discourage Title VII plaintiffs … from pursuing their claims would clearly contravene the remedial effect intended by Congress in enacting Title VII, and should not be tolerated by the federal courts." <u>Priest</u>, 98 F.R.D. at 761. In fact, "sexual harassment plaintiffs would appear to require particular protection from this sort of intimidation and discouragement if the statutory cause of action for such claims is to have meaning. Without such protection from the courts, employees

whose intimate lives are unjustifiably and offensively intruded upon in the workplace might face the "Catch-22" of invoking their statutory remedy only at the risk of enduring further intrusions into irrelevant details of their personal lives in discovery, and, presumably, in open court." Id.  For the same reasons, set forth in the Priest decision, this Court should not countenance the Defendant's current attempt to probe into the intimate details of Mr. Erali's employment life after being driven from his employment with the Defendant.

## CONCLUSION

WHEREFORE, the plaintiff respectfully requests that the Court quash the trial subpoena directed to the plaintiff's current employer.  The plaintiff also requests that if the defendant has served other trial subpoenas seeking testimony from witnesses not identified in discovery or the pretrial memorandum and looking to use documents not provided or identified in discovery or the pretrial memorandum that the defendant be required to turn the information over to the plaintiff and be precluded from using the previously unidentified documents and witnesses in any way at trial.

Dated: February 24, 2007	Respectfully submitted,

PLAINTIFF MICHAEL ERALI II
By his attorney,

   /s/ Suzanne Garrow
Suzanne Garrow BBO# 636548
Joel Feldman BBO# 552963
Heisler, Feldman, McCormick
        & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA  01103
Ph. (413) 788-7988
Fax (413) 788-7996

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

          /s/ Suzanne Garrow
Suzanne Garrow